11-1409-ag
Chai v. Holder

BIA
Hom, IJ
A088 994 664
A088 996 378

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

SAU MOOI CHAI, KIN LEONG BONG,
>> *Petitioners,*

> v.                                        11-1409-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>> *Respondent.*

_____

FOR PETITIONERS:        Scott E. Bratton, Margaret Wong & Associates, Cleveland, Ohio.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; Walter Bocchini, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Kin Leong Bong and his wife Sau Mooi Chai, natives and citizens of Malaysia, seek review of a March 31, 2011, order of the BIA, affirming the December 18, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied their application for asylum, withholding of removal, cancellation of removal, and relief under the Convention Against Torture ("CAT"). *In re Sau Mooi Chai and Kin Leong Bong*, Nos. A088 994 664/088 996 378 (B.I.A. Mar. 31, 2011), *aff'g* Nos. A088 994 664/088 996 378 (Immig. Ct. N.Y. City Dec. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Petitioners challenge only the agency's denial of withholding and cancellation of removal. When a petitioner appeals the agency's cancellation of removal based on the petitioner's failure to establish "exceptional and extremely unusual hardship," we have jurisdiction only to review decisions based on constitutional or other legal issues. *See* 8 U.S.C. § 1252(a)(2)(B), (a)(2)(D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).

2

Because the Petitioners contest only the agency's weighing of the evidence of hardship, we lack jurisdiction to consider Petitioners' challenge to the agency's denial of cancellation of removal. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Although Petitioners assert that the BIA applied an incorrect legal standard by failing to consider their hardship factors in the aggregate, we have rejected attempts to frame disagreements over the agency's exercise of discretion as questions of law. *See, e.g., Barco-Sandoval*, 516 F.3d at 42. In arguing that the BIA failed to properly aggregate their hardship factors, Petitioners ignore the IJ's lengthy and detailed opinion, which explicitly considered Petitioners' alleged hardship factors in the aggregate. "While the argument that a discretionary decision was 'based on a legally erroneous standard' raises a 'question of law,' we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval*, 516 F.3d at 40.

We also lack jurisdiction to consider Petitioners' argument that the agency ignored key evidence and testimony

3

in making its hardship determination. "The agency does not commit an 'error of law' every time an item of evidence is not explicitly considered[.]" *Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009) (internal quotation and citation omitted). Although Petitioners argue that the agency overlooked evidence concerning their daughter's psychological condition, as the agency noted, they "admitted that they made no effort to determine if a psychologist was available or not in their home country." In addition, although Petitioners assert that the agency ignored other aspects of their hardship claim, such as their daughter's limited ability to speak Chinese and Bong's potential loss of employment, those factors were explicitly considered by the agency.

Because Petitioners merely assert that "[b]ased on the testimony and evidence submitted, they established" their entitlement to withholding of removal, we need not consider the agency's denial of withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

4

In any event, the petition is without merit. We will reverse the agency's determination that a petitioner has failed to establish a well-founded fear of persecution only if that determination is not supported by substantial evidence. See Gao v. Board of Immigration Appeals, 482 F.3d 122, 126 (2d Cir. 2007). Here, substantial evidence supports the agency's conclusion. The agency reasonably relied on the fact that members of petitioners' family, who like them are ethnic Chinese and Buddhists, continue to reside freely in Malaysia and practice their religion. The agency thus correctly rejected petitioners' generalized and conclusory assertions that they feared persecution on the basis of their religion and ethnicity.

For the foregoing reasons, the petition for review is DISMISSED to the extent it seeks to challenge the denial of cancellation of removal, and DENIED to the extent it challenges the denial of withholding of removal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5