14-216-ag
Arguello v. Lynch

BIA
Straus, IJ
A087 411 677

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand fifteen.

PRESENT:
 ROSEMARY S. POOLER,
 BARRINGTON D. PARKER,
 RICHARD C. WESLEY,
  *Circuit Judges*.

———————————————————————————————

MARTHA PATRICIA ARGUELLO,
  *Petitioner*,

  v.                                    14-216-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.[1]

———————————————————————————————

FOR PETITIONER:          Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

FOR RESPONDENT:          Colette J. Winston, Trial Attorney; Stuart F. Delery, Assistant Attorney

———————————————

 [1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**General; Jennifer Williams, Senior Litigation Counsel; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Martha Patricia Arguello, a native and citizen of Ecuador, seeks review of a December 26, 2013 decision of the BIA affirming the October 3, 2012 decision of an Immigration Judge ("IJ") denying her application for cancellation of removal. *In re Martha Patricia Arguello,* No. A087 411 677 (B.I.A. Dec. 26, 2013), *aff'g* No. A087 411 677 (Immig. Ct. Hartford Oct. 3, 2012). We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review the agency's denial of Arguello's application for cancellation of removal. The Attorney General enjoys discretionary authority to grant cancellation of removal where an applicant (1) "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;" (2) "has been a person of good moral character during such period;"

2

(3) has not been convicted of an enumerated criminal offense; and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)-(D); *Sumbundu v. Holder*, 602 F.3d 47, 49–50 (2d Cir. 2010). Here the BIA affirmed the IJ's decision to deny Arguello's application for cancellation of removal after deciding that she had failed to establish that her removal would result in exceptional and extremely unusual hardship to a qualifying family member. Because this is a discretionary finding, our jurisdiction to review the agency's determination is limited to "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(B), (D), such as in "those rare cases where the . . . decision on whether this kind of hardship exists . . . rests on fact-finding which is flawed by an error of law," *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (internal quotation marks and citations omitted).

In order to ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we must "study the arguments asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which

3

case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Although Arguello contends that the agency committed an error of law by mischaracterizing and overlooking factual evidence in the record, her arguments amount merely to "a quarrel about fact-finding [and] the exercise of discretion," *id.* at 330, which does not raise a "colorable question of law that we have jurisdiction to review," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (internal quotation marks omitted). In broadly asserting that the IJ mischaracterized evidence of her daughter's physical and cognitive disabilities and made findings contrary to the record, Arguello merely summarizes her interpretation of the evidence and expresses her disagreement with the IJ's consideration of her testimony and the record evidence. Further, Arguello's contention that the IJ overlooked the severity of particular aspects of her daughter's developmental deficiencies contests only the IJ's weighing of the evidence of hardship. Review of these discretionary determinations here is beyond the scope of our jurisdiction.

Finally, we pause to note a consideration independent of the legal issues presented in this petition. It appears from the record before us that Arguello has been present in the United States for fifteen years and has two United States citizen children - an eleven-year-old son and a four-year-old daughter.

4

Arguello represents that she has been steadily employed, and nothing in the record indicates that she has any criminal convictions. In light of these factors, the government may well wish to consider whether continued prosecution of this case is consistent with its new guidelines (announced since the tolling period in this case was cancelled and the matter was argued before this Court) on immigration enforcement priorities and the exercise of prosecutorial discretion. *See* Memorandum from Jeh Johnson, Secretary, Department of Homeland Security, to U.S. Immigration and Customs Enforcement, et al. (Nov. 20, 2014) ("Subject: Policies for the Apprehension, Detention and Removal of Undocumented Immigrants") *available at* http://www.dhs.gov/sites/default/files/publications/14_1120_memo_prosecutorial_discretion.pdf.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk