18-3004
Amarasinghe v. Barr

BIA
Segal, IJ
A088 833 135
A093 444 459

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

PATHIRANAGE DON DARSHANA RU AMARASINGHE, SAROJA NILUKSHI KURUNERU,

*Petitioners,*

v.                                                            18-3004

**WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,**

*Respondent.*

_____

FOR PETITIONERS:      Pathiranage Don Darshana Ru Amarasinghe; Saroja Nilukshi Kuruneru, pro se, Staten Island, NY.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke Marie Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DISMISSED.

Petitioners Pathiranage Don Darshana Ru Amarasinghe and Saroja Nilukshi Kuruneru, natives and citizens of Sri Lanka, seek review of a BIA decision affirming the Immigration Judge's ("IJ") denial of their application for cancellation of removal. *In re Pathiranage Don Darshana Ru Amarasinghe, Saroja Nilukshi Kuruneru*, Nos. A088 833 135, A093 444 459 (B.I.A. Sept. 27, 2018), *aff'g* Nos. A088 833 135, A093 444 459 (Immig. Ct. N.Y. City Sept. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and address only the dispositive hardship determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Noncitizens, such as Petitioners, who are not permanent residents may have their removal cancelled if they meet presence and character requirements and they "establish[] that removal would result in exceptional and extremely unusual hardship to [their] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (internal quotation marks omitted). Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2008). We review such claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

We lack jurisdiction to review the BIA's hardship determination because Petitioners raise no constitutional claims or questions of law. Instead, Petitioners "merely summarize[] [their] interpretation of the evidence and express [their]

disagreement" with the agency's findings. *Arguello v. Lynch*, 614 F. App'x 19, 20–21 (2d Cir. 2015). Such "quarrel[s] about fact-finding or the exercise of discretion" are insufficient to establish a colorable legal or constitutional claim. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006).

In some cases, we have characterized factual errors as questions of law where the agency "totally overlook[s]" or "seriously mischaracterize[s]" material facts. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). The agency did not do so in this case. The agency assumed the validity of Petitioners' son's asthma diagnosis and medical records. But the agency was not required to explicitly consider evidence of the number of asthma deaths in Sri Lanka because that evidence was of limited relevance without comparative evidence showing that Petitioners' son would be unable to obtain treatment for his asthma in Sri Lanka as has been done in the United States. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) ("[T]he BIA need not expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner as long as it has given reasoned consideration to the petition, and made adequate findings." (internal quotation marks omitted)); *Xiao Ji Chen*, 471 F.3d at 336 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). The agency acknowledged

4

Petitioners' testimony that in Sri Lanka, their son may have to use different medications and may only have access to a nebulizer in a medical setting rather than at home, but concluded that Petitioners did not meet their burden of showing that a difference in treatment established the requisite hardship.

Accordingly, because Petitioners fail to raise a colorable constitutional claim or question of law, the petition for review is DISMISSED. The motion to stay removal pending resolution of the petition for review is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court