Torres v. Garland

BIA
Christensen, IJ
A206 999 080/085

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

JOSE REMIGIO LITUMA TORRES, MARIA
MAGDALENA MOLINA PIZARRO,

> *Petitioners*,

> v.                                    20-1842

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONERS:          H. Raymond Fasano, Esq, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:           Bryan Boynton, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D.

Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Jose Remigio Lituma Torres and Maria Magdalena Molina Pizarro, citizens of Ecuador, seek review of a May 21, 2020, decision of the BIA, affirming an April 30, 2018, decision of an Immigration Judge ("IJ") denying their application for cancellation of removal. *See In re Jose Remigio Lituma Torres, Maria Magdalena Molina Pizarro*, Nos. A206 999 080/085 (B.I.A. May 21, 2020), *aff'g* Nos. A206 999 080/085 (Immig. Ct. N.Y. City Apr. 30, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Where, as here, "the BIA briefly affirms the decision of an IJ and adopt[s] the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006) (internal quotation marks omitted). Aliens subject to removal may have their removal canceled if they meet presence and character requirements and "establish[] that removal would result in exceptional and extremely unusual hardship to

2

[their] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). This is a "very high standard," *Garcia v. Garland*, 847 F. App'x 82, 83 (2d Cir. 2021), which will be met only when the hardship to a qualifying relative is "substantially beyond that which ordinarily would be expected to result from the alien's deportation," *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 69 (B.I.A. 2001) (emphasis omitted). Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) ("[W]e [are] deprived of jurisdiction to review decisions under the [Immigration and Nationality Act] when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion.").

We dismiss the petition for review because Petitioners have failed to raise either a constitutional claim or question of law. Petitioners argue that the IJ mischaracterized the record, failed to consider critical evidence, and relied on speculation. These claims are unsupported. The IJ carefully reviewed Petitioners' claims and found that their allegations did not support a finding

3

of "exceptional and extremely unusual hardship" within the meaning of the Immigration and Nationality Act. *See* Special App'x 7-10. In arguing otherwise, Petitioners "merely summarize[] [their] interpretation of the evidence and express[] [their] disagreement with the IJ's consideration of … the record evidence." *Arguello v. Lynch*, 614 F. App'x 19, 20-21 (2d Cir. 2015). That disagreement is not enough to bring the petition within our jurisdiction. *See Amarasinghe v. Barr*, 831 F. App'x 14, 15 (2d Cir. 2020) ("[Q]uarrels about fact-finding or the exercise of discretion are insufficient to establish a colorable legal or constitutional claim.") (internal quotation marks and alteration omitted); *Sau Mooi Chai v. Holder*, 461 F. App'x 32, 33 (2d Cir. 2012) ("Because the Petitioners contest only the agency's weighing of the evidence of hardship, we lack jurisdiction to consider Petitioners' challenge to the agency's denial of cancellation of removal.").

Petitioners further argue that the IJ and BIA erred by failing to consider their hardship evidence cumulatively. This is also incorrect. The IJ explained that he relied on "the record in its entirety" in finding that Petitioners have not "met their burden in showing that [their U.S. citizen son] would suffer exceptional and extremely unusual hardship if they are removed." Special App'x 10. Accordingly, there is "nothing in the record indicat[ing] that

4

the IJ considered each hardship in isolation, without ultimately considering cumulative effect." *Barros v. Barr*, 797 F. App'x 635, 638 (2d Cir. 2020). Even if the IJ had erred by failing to consider Petitioners' hardship evidence cumulatively, that error was corrected on appeal by the BIA, which expressly stated that it "[c]onsider[ed] the factors of this case cumulatively" in affirming the IJ's decision. Special App'x 4; *see Wangchuck*, 448 F.3d at 528 ("[W]e review the IJ's and BIA's decisions together.").

Because Petitioners fail to raise a colorable constitutional or legal claim, we dismiss the petition. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39–40.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court